[Cite as *State v. Desarro*, 2026-Ohio-2520.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOSEPH J. DESARRO II,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No.  25 CO 0028

---

Motion for Reconsideration Instanter

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecuting Attorney*, Atty. Steven V. Yacovone,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Joseph J. Desarro II*, pro se.

Dated: June 24, 2026

**PER CURIAM.**

{¶1}  Defendant-Appellant Joseph J. Desarro II filed a pro se "Motion for Reconsideration Instanter" of our May 7, 2026 judgment affirming his conviction, citing App.R. 26(A) (the rule specifying the existence of an "application" for reconsideration).  In his direct appeal, we upheld the overruling of a motion to suppress drugs found in a vehicle parked in Appellant's driveway after a drug dog alerted on it during the execution of a search warrant at the address of his place of residence.  *State v. Desarro*, 2026-Ohio-1672, ¶ 2, 53 (7th Dist.).  On the same date our opinion and judgment was released, the clerk mailed it to the parties and noted the mailing on the docket.

{¶2}  As Appellant recognizes, his May 20, 2026 reconsideration request is untimely.  App.R.26(A)(1)(a) ("no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing").  Contrary to Appellant's contention, the standard for considering an untimely application is not "good faith."  For some appellate extension requests, App.R. 14(B) provides the "good cause" standard.  However, this same subdivision then provides the following pertinent exception:  "Enlargement of time to file an application for reconsideration . . . pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances."   App.R. 14(B).

{¶3}  The only circumstance alleged regarding Appellant's untimeliness is a claim that his retained attorney did not notify him of our opinion (by the time Appellant filed the reconsideration application).  Apparently ancillary to this circumstance, he discloses, "Defendant-Appellant notified his mom who" checked the docket and informed him of the judgment.  We note he does not say what he "notified" his mother about, when this occurred, or if and why he was unable to check the docket himself in the weeks after the April 1, 2026 non-hearing in his appeal.  In any event, his statement about how he learned of the judgment (from his mother) is not a circumstance causing the untimeliness.  The actual circumstance on review for extraordinariness is the allegation about retained counsel allegedly failing to inform him of the decision.  However, this is not an extraordinary circumstance. *See, e.g., State v. Lashley*, 2017-Ohio-8915, ¶ 9 (7th Dist.) (defendant's failure to receive notice after attorney was notified by clerk was not

extraordinary circumstance); *Rice v. Rice*, 2002-Ohio-5032 (7th Dist.) (counsel being on vacation when the opinion was released was not an extraordinary circumstance).

{¶4} In any event, even if Appellant's instanter application had been timely filed or accompanied by a showing of extraordinary circumstances, the application would fail, as it contains no specification of error by this court or arguments in support. Appellant seems to be under the impression that an application to reconsider is filed as a matter of course after a criminal appeal, as his entire argument is merely a request "that the Honorable Court reconsider the assignment of errors raised in the above styled case." However, "Reconsideration is a rare exception to the finality of our ability to preside over our own appellate decision and is not expected to be filed in every case a party disagrees with the result and wishes to reargue the case." *State v. Simmons*, 2026-Ohio-1248, ¶ 9 (7th Dist.).

{¶5} In the opinion supporting our judgment, we thoroughly recited the facts and procedure of the case, set forth the relevant law on multiple topics, addressed each argument (and implied arguments) set forth under the sole assignment of error, and made alternative holdings in support of the trial court's judgment. *Desarro*, 2026-Ohio-1672, at ¶ 1-53 (7th Dist.). Yet, Appellant's reconsideration request fails to say what aspect of the decision he believes should be reconsidered. A reconsideration application must demonstrate an obvious error in our decision or show an issue properly raised in the appeal was not fully considered in the appellate decision. *Simmons* at ¶ 4. Mere disagreement with our reasoning, logic, and conclusions does not show an obvious error and is not a basis for reconsideration. *Id*. at ¶ 9. No obvious error is alleged or apparent. Our well-reasoned decision was supported under the law analyzed within the opinion, and all issues raised were fully considered. *Desarro* at ¶ 1-53.

{¶6} Accordingly, the application for reconsideration is denied as untimely and as lacking merit.

**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE  MARK A. HANNI**

<u>NOTICE TO COUNSEL</u>

This document constitutes a final judgment entry.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

<u>Case No. 25 CO 0028</u>